# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| CLAYTON PERKINS, | : |
| Plaintiff, | : Case No.: 1:10-cv-00810 (SJD) |
| v. | : |
| SUN CHEMICAL CORPORATION, ROBERT RANEY, and SCOTT CHASE, | : Judge: Chief Judge Susan J. Dlott |
| Defendants. | : |

---

**DEFENDANTS RAINEY AND CHASE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR RULE 12(b)(6) MOTION FOR DISMISSAL OF COUNTS THREE AND SIX OF THE COMPLAINT WITH PREJUDICE**

**AND**

**IN OPPOSITION TO PLAINTIFF'S MOTIONS TO FILE FIRST AMENDED COMPLAINT AND DISMISS DEFENDANT SCOTT CHASE WITHOUT PREJUDICE**

---

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................................. ii
I.     **Preliminary Statement** ............................................................................................... 1
II.    **Legal Argument** ........................................................................................................ 2
      A.     Plaintiff's Claims Against Chase Must be Dismissed *With* Prejudice .................... 2
      B.     Plaintiff's Intentional Infliction of Emotional Distress Claim Against Rainey Fails, Whether or Not the Court Permits Plaintiff's Requested Amendment .......... 3
III.   **Conclusion** ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Barrett v. Whirlpool Corp.*,
   704 F. Supp. 2d 746 (M.D. Tenn. 2010)...................................................................................5

*Bellios v. Victor Balata Belting Co.*,
   724 F. Supp. 514 (S.D. Ohio 1989) ...........................................................................................2

*Briordy v. Chloe Foods Corp.*,
   No. 3:07-0295, 2008 WL 587503 (M.D. Tenn. Feb. 29, 2008) .................................................5

*Courtney v. Landair Transport, Inc.*,
   227 F.3d 559 (6th Cir. 2000) ..................................................................................................4–5

*Foman v. Davis*,
   371 U.S. 178 (1962)................................................................................................................3, 5

*Hahn v. Star Bank*,
   190 F.3d 708 (6th Cir. 1999) .....................................................................................................5

*Hale v. Vill. of Madison*,
   493 F. Supp. 2d 928 (N.D. Ohio 2007) .....................................................................................3

*Herrick v. Liberty League Int'l*,
   No. 1:07-cv-936, 2008 WL 2230702 (S.D. Ohio May 28, 2008)..............................................3

*Kottmyer v. Maas*,
   436 F.3d 684 (6th Cir. 2006) .....................................................................................................3

*Martin v. Associated Truck Lines, Inc.*,
   801 F.2d 246 (6th Cir. 1986) .....................................................................................................3

*Miller v. Calhoun Cty.*,
   408 F.3d 803 (6th Cir. 2005) .....................................................................................................3

*Zieber v. Heffelfinger*,
   No. 08CA0042, 2009 WL 695533 (Ohio App. Mar. 17, 2009) .................................................5

OTHER AUTHORITIES

Fed. R. Civ. P. 15(a) .........................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................1

# I. PRELIMINARY STATEMENT

Plaintiff Clayton Perkins' ("Plaintiff") Complaint, filed on November 16, 2010, asserted Ohio common law claims of intentional infliction of emotional distress and civil assault against defendants Scott Chase ("Chase") and Bobby J. Rainey ("Rainey") (together, the "Individual Defendants"). On February 22, 2011, the Individual Defendants moved to dismiss those claims against them, with prejudice, under Federal Rule of Civil Procedure 12(b)(6).

Instead of filing a memorandum of law in opposition to the Individual Defendants' motion to dismiss, Plaintiff has effectively conceded defeat on two fronts. First, Plaintiff filed a motion to voluntarily dismiss Chase from the action. Second, Plaintiff moved to file an amended complaint, which omits both claims against Chase, substitutes the civil assault claim against Rainey with a new claim for civil battery, and attempts—unsuccessfully—to rectify the pleading deficiencies in his intentional infliction of emotional distress claim against Rainey through the addition of new factual allegations.

Although Plaintiff seeks, voluntarily, to dismiss Chase from the action, his request is to dismiss Chase *without* prejudice. As the Individual Defendants argued in their motion to dismiss, however, Plaintiff failed to state a cognizable claim of intentional infliction of emotional distress against Chase and the civil assault claim against Chase is indisputably time-barred. Accordingly the civil assault claim against Chase should be dismissed *with* prejudice.

Finally, just as Plaintiff's original Complaint failed to state a claim for intentional infliction of emotional distress against Rainey, so does his proposed First Amended Complaint. Despite Plaintiff's addition of a few factual allegations, Plaintiff still has not alleged the type of outrageous conduct required to state such a cause of action under Ohio common law. Consequently, Plaintiff's motion for leave to amend should be denied on the basis of futility

because, whether or not the Court permits the proposed amendment, Plaintiff's intentional infliction of emotional distress claim against Rainey still fails and must be dismissed.

## II. LEGAL ARGUMENT

### A. Plaintiff's Claims Against Chase Must be Dismissed *With* Prejudice

After filing a Complaint that included claims of civil battery and intentional infliction of emotional distress against Chase, Plaintiff now concedes that these claims are meritless through his motion to voluntarily dismiss Chase from the action. For obvious reasons, Chase does not oppose Plaintiff's motion. However, for the reasons set forth in the Individual Defendants' motion to dismiss, and reiterated herein, both claims against Chase must be dismissed with, instead of without, prejudice.

Specifically, there is no justification for the Court to allow dismissal of the civil assault claim against Chase without prejudice, because the claim is undisputedly time-barred. Plaintiff's Complaint was filed on November 19, 2010, and Ohio law recognizes a one-year statute of limitations for assault claims. Therefore, Plaintiff cannot state a claim for civil assault based on conduct that occurred before November 16, 2009. The only conduct alleged in Plaintiff's complaint that could conceivably support his civil assault claim occurred on March 11, 2009, outside of the limitation period. Plaintiff has raised no dispute as to the untimeliness of this claim, nor has he made any argument as to why the dismissal should be without prejudice. Consequently, Plaintiff's civil assault claim against Chase is time-barred and must be dismissed *with* prejudice.[1]

---

[1] In addition, as noted in the Individual Defendants' moving brief at pages 6–7, Plaintiff fails to state a cause of action for intentional infliction of emotional distress against Chase. To state a claim for intentional infliction of emotional distress, a plaintiff must plead "that the actor's conduct was extreme and outrageous, that it went beyond all possible bounds of decency and that it can be considered as utterly intolerable in a civilized community." *Bellios v. Victor Balata Belting Co.*, 724 F. Supp. 514, 520 (S.D. Ohio 1989) (citing *Pyle v. Pyle*, 11 Ohio App. 3d 31

2

B.  **Plaintiff's Intentional Infliction of Emotional Distress Claim Against Rainey Fails, Whether or Not the Court Permits Plaintiff's Requested Amendment**

Instead of filing a brief in opposition to the Individual Defendants' motion to dismiss, Plaintiff seeks to file a First Amended Complaint, which he hopes will remedy the deficiencies highlighted in the motion to dismiss as it relates to Defendant Rainey. Under the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In this case, however, it would be appropriate for the Court to deny Plaintiff's motion for leave to amend due to the futility of the proposed amendment.

A court need not grant a motion for leave to amend where the amendment would be futile because the proposed amended complaint would not survive a motion to dismiss. *See, e.g., Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (agreeing with the district court, Dlott, J., that the proposed amendment to the complaint would have been futile and therefore, the plaintiffs' motion for leave to amend was properly denied); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986); *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Herrick v. Liberty League Int'l*, No. 1:07-cv-936, 2008 WL 2230702, at *6 (S.D. Ohio May 28, 2008) (Dlott, J.) (denying leave to amend because proposed Amended Complaint did not rectify pleading deficiencies).

Plaintiff's proposed First Amended Complaint fails to cure the deficiencies in his intentional infliction of emotional distress claim that the Individual Defendants pointed out in their motion to dismiss. For that reason, Plaintiff's motion for leave to amend should be denied

---

(Ohio Ct. App. 1983); *Yeager v. Local Union No. 20*, 6 Ohio St. 3d 369 (1983)). All of Plaintiff's allegations against Chase, even if true, do not rise to the level of outrageousness required to state an intentional infliction of emotional distress claim, as demonstrated by *Hale v. Vill. of Madison*, 493 F. Supp. 2d 928, 941 (N.D. Ohio 2007), in which the court held that "sexist jokes and behavior, yelling, and poor management skills – do not satisfy the high burden that must be met under Ohio law" for a claim of intentional infliction of emotional distress.

and Plaintiff's intentional infliction of emotional distress claim against Rainey should be dismissed.

Plaintiff, in his original Complaint, asserted an intentional infliction of emotional distress claim against Rainey, based on allegations of Rainey's "sexually graphic comments, sexually physical gestures, and severe and lewd comments." (Compl. ¶ 7.) The Individual Defendants argued in their moving papers that such allegations, even if true, do not rise to the level of outrageousness required to state an intentional infliction of emotional distress claim. Recognizing the merit in the Individual Defendants' argument, Plaintiff has attempted to strengthen his allegations against Rainey and correct the pleading deficiencies highlighted in the motion to dismiss.

The additional allegations in Plaintiff's proposed First Amended Complaint, however, consist only of two additional alleged lewd comment and one instance of touching in which Rainey allegedly "grabbed Perkins buttocks, with his hand, while Perkins was working." (First Am. Compl. ¶¶ 46–50.) Even assuming that all of Plaintiff's allegations—including these—are true, they are still insufficient to state a claim for intentional infliction of emotional distress.

Courts in Ohio and neighboring jurisdictions have disposed of intentional infliction of emotional distress claims based on similar conduct. For example, the Sixth Circuit in *Courtney v. Landair Transport, Inc.*, 227 F.3d 559 (6th Cir. 2000), affirmed the Southern District of Ohio's grant of summary judgment for the employer on a plaintiff's intentional infliction of emotional distress claim. The plaintiff's claim was based upon sexual comments from fellow truck drivers; one incident in which co-worker "bumped his whole body into plaintiff, continually bumping her breast"; another in which he "approached plaintiff from behind and tried to touch her left breast"; and a final incident in which he "crept up behind her, blew air in

her ear, and laughed at her." *Id.* at 562. Nevertheless, the Sixth Circuit agreed with the district court that the evidence was insufficient as a matter of law to sustain the plaintiff's claim. *Id.* at 567.

Likewise, in *Zieber v. Heffelfinger*, No. 08CA0042, 2009 WL 695533, at *7, 10 (Ohio App. Mar. 17, 2009), the Ohio Court of Appeals concluded that an intentional infliction of emotional distress claim against an individual arising from a "heated exchange that occurred in the office culminating in [the defendant] grabbing [the plaintiff's] wrist with enough pressure to leave a bruise" "would not survive summary judgment" because [the defendant'] actions towards [the plaintiff] were not so outrageous in character and extreme degree as to go beyond all possible bounds of decency and to be regarded by a civilized community as atrocious."

Finally, both *Barrett v. Whirlpool Corp.*, 704 F. Supp. 2d 746 (M.D. Tenn. 2010) (Bryant, M.J.) and *Briordy v. Chloe Foods Corp.*, No. 3:07-0295, 2008 WL 587503 (M.D. Tenn. Feb. 29, 2008) (Echols, J.), dismissed intentional infliction of emotional distress claims based on repeated sexual comments and innuendos, a "buttocks touching in 2001 and [a] 'chest-butting' incident in 2002," *Barrett*, 704 F. Supp. 2d, at 756, and "repeated inappropriate comments and innuendos and culminated in offensive touching during a business trip," *Briordy*, 2008 WL 587503, at *1. Both courts held that "[c]ases finding outrageous conduct involve conduct which is much more egregious than that which occurred here." *Briordy*, 2008 WL 587503, at *10; *Barrett*, 704 F. Supp. 2d, at 757.)

In light of the factual similarities between the foregoing cases and Perkins' claims, this is an instance in which it is appropriate for the Court to deny leave to amend due to the futility of the proposed amendment. *Foman v. Davis*, 371 U.S. at 182; *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). If the Court denies Plaintiff's motion for leave to amend, then it should

5

dismiss the intentional infliction of emotional distress claim against Rainey from the original Complaint with prejudice. If, in the alternative, the Court grants Plaintiff leave to amend, the Court should nevertheless dismiss the intentional infliction of emotional distress claim against Rainey. Whether or not the Court permits Plaintiff's proposed amendment, his intentional infliction of emotional distress claim against Rainey must be dismissed.

### III. CONCLUSION

For the reasons set forth herein, this Court should deny Plaintiff's request to file a First Amended Complaint and dismiss, <u>with prejudice</u>, the civil assault claim against Chase; the intentional infliction of emotional distress claims against both Chase and Rainey; and the civil assault claim as against Rainey (which Plaintiff appears to have abandoned).

Dated: April 1, 2011
New York, New York

Respectfully submitted,

/s/ Robin D. Ryan
Robin D. Ryan (0074375)
GRAYDON HEAD & RITCHEY LLP
7759 University Drive, Suite A
West Chester, OH 45069
Phone: (513) 755-4502
Fax: (513) 755-9588
E-mail: rryan@graydon.com

/s/Kathleen M. McKenna
Kathleen M. McKenna
Keisha-Ann G. Gray
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3130
Fax: (212) 969-2900
E-mail: kmckenna@proskauer.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Robin D. Ryan*
Robin D. Ryan
