IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CLAYTON PERKINS**, | : | Case Number: 1:10cv810 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING PLAINTIFF'S |
| | : | MOTION FOR LEAVE TO AMEND, |
| **SUN CHEMICAL CORPORATION**, *et al.*, | : | DENYING PLAINTIFF'S MOTION TO |
| | : | DISMISS WITHOUT PREJUDICE, |
| Defendants. | : | AND DENYING DEFENDANTS' |
| | : | MOTION TO DISMISS |

**I. BACKGROUND**

Plaintiff Clayton Perkins commenced this action on November 16, 2010 with the filing of a six-count complaint against his employer Sun Chemical Corporation ("Sun Chemical"); Bobby Rainey, a co-worker at Sun Chemical's Amelia, Ohio location; and Scott Chase, his and Rainey's former supervisor.  Perkins asserted against Sun Chemical claims of unlawful harassment and retaliation based upon his gender in violation of Title VII of the Civil Rights Act of 1964 and § 4112.02 of the Ohio Revised Code.  Perkins also asserted claims under Ohio law of intentional infliction of emotional distress and civil assault against Chase and Rainey (Counts Three and Six).

On February 22, 2011, all Defendants filed an Answer to the Complaint.  Also on that date, Defendants Rainey and Chase filed a motion to dismiss Counts Three and Six of the Complaint under Rule 12(b)(6). (Doc. 13.)  Two weeks later, on March 8, 2011, Perkins filed two motions: a motion to voluntarily dismiss Defendant Chase without prejudice (doc. 16) and a motion for leave to file a First Amended Complaint (doc. 15).  Perkins' proposed First Amended

Complaint omits Chase as a Defendant and substitutes the civil assault claim against Rainey with a new claim for civil battery. It also adds new factual allegations regarding Defendant Rainey's conduct. Defendants now ask this Court to deny Perkins' motion for leave to file a First Amended Complaint on the basis of futility and to dismiss the claims against Chase and Rainey with prejudice.

## II. DISCUSSION

Federal Rules of Civil Procedure Rule 15(a)(1) provides:

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

On February 22, 2011, all Defendants filed an Answer to the Complaint, and Defendants Rainey and Chase filed a Rule 12(b)(6) motion to dismiss. Pursuant to Rule 15(a)(1)(B), Perkins was permitted to amend his pleading as a matter of course for 21 days after February 22, 2011. Perkins filed his motion for leave to file a First Amended Complaint 14 days later, on March 8, 2011. Because Rule 15(a)(1)(B) permits Perkins to amend his pleading under these circumstances, leave of court is not required. Furthermore, when a plaintiff is entitled under Rule 15 to file an amended pleading as of right, the fact that an amendment may be futile does not provide the Court with a basis to strike the amended pleading. *Broyles v. Corr. Med. Serv., Inc.*, No. 08-1638, 2009 WL 3154241 at *4 (6th Cir. Jan. 23, 2009) (holding that "because [the plaintiff] was not required to seek leave, the fact that the amendment would be futile did not provide a basis for the district court to strike [the] amended complaint.") Although Perkins is not required to seek leave to file his amended pleading, the Court grants his motion to provide clarity

for the record.  Perkins must file his First Amended Complaint following the issuance of this Order.

Defendants' motion to dismiss is responsive to Perkins' original complaint.  As the Amended Complaint has superseded the original, Defendants' motion to dismiss has become moot.  Furthermore, contrary to Defendants' suggestion, the Court cannot dismiss Defendant Chase from the lawsuit with prejudice because, with the filing of the First Amended Complaint, Chase is no longer a party to the lawsuit and not subject to dismissal.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend (doc. 15) is GRANTED and Plaintiff's Motion to Dismiss Chase Without Prejudice (doc. 16) is DENIED AS MOOT.  Plaintiff is hereby ordered to file his First Amended Complaint.  Defendants' motion to dismiss (doc. 13) is DENIED AS MOOT.

IT IS SO ORDERED.

       ___s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court