UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| CLAYTON PERKINS, | : | Case No.: 1:10-cv-00810 (SJD) |
| Plaintiff, | : | Judge: Chief Judge Susan J. Dlott |
| v. | : | |
| SUN CHEMICAL CORPORATION, et al., | : | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendants. | : | |

Defendants Sun Chemical Corporation ("Sun Chemical") and Bobby J. Rainey ("Rainey") (collectively, "Defendants"), by their undersigned counsel, state in Answer to the First Amended Complaint of plaintiff Clayton Perkins ("Plaintiff"):

## AS TO JURISDICTION

The allegations contained in the unnumbered paragraph on page 1 of the First Amended Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants admit that Plaintiff purports to assert an action pursuant to Title VII of the Civil Rights Act of 1964 and other state-law causes of action, but deny any and all wrongdoing and leave Plaintiff to his proofs.

## AS TO THE PARTIES

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the First Amended Complaint, except admit that Plaintiff is a male.

2. Defendants deny the allegations in Paragraph 2 of the First Amended Complaint and aver that Sun Chemical Corporation is a foreign corporation operating a facility at 3922 Bach Buxton Road, Amelia, Ohio 45102 in Clermont County.

3. Defendants deny the allegations in Paragraph 3 of the First Amended Complaint except admit that Bobby J. Rainey is male, resides at the address listed on the caption and is a lawful resident of Ohio and a Citizen of the United States.

## AS TO THE FACTS

4. Defendants deny the allegations in paragraph 4 of the First Amended Complaint and aver that Plaintiff Clayton Perkins was hired by Sun Chemical on September 3, 2007.

5. Defendants deny the allegations in Paragraph 5 of the First Amended Complaint, except admit that Plaintiff began working in the Sun Jet Department in January 2009.

6. Defendants deny the allegations in Paragraph 6 of the First Amended Complaint.

7. Defendants deny the allegations in Paragraph 7 of the First Amended Complaint.

8. Defendants deny the allegations in Paragraph 8 of the First Amended Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint.

10. Defendants deny the allegations in Paragraph 10 of the First Amended Complaint.

11. Defendants deny the allegations in Paragraph 11 of the First Amended Complaint.

12. Defendants deny the allegations in Paragraph 12 of the First Amended Complaint.

13. Defendants deny the allegations in Paragraph 13 of the First Amended Complaint and aver that Laurie Geldenhuys met with Plaintiff on February 27, 2009.

14. Defendants deny the allegations in Paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations in Paragraph 15 of the First Amended Complaint.

16. Defendants admit the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations in Paragraph 17 of the First Amended Complaint, except admit that Defendant Chase met with Plaintiff and Defendant Rainey in a conference room on or about March 11, 2009 to remind Plaintiff and Defendant Rainey that they are required to work together in a professional and respectful manner.

18. Defendants deny the allegations in Paragraph 18 of the First Amended Complaint, except admit that Plaintiff began walking out of the meeting before its conclusion.

19. Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of the First Amended Complaint, except to aver that Defendant Rainey exited the conference room before Plaintiff.

21. Defendants deny the allegations in Paragraph 21 of the First Amended Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the First Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations in Paragraph 24 of the First Amended Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations in Paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the First Amended Complaint, except admit that Plaintiff met with Mr. Geldenhuys.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the First Amended Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations in Paragraph 32 of the First Amended Complaint, except admit that Plaintiff brought allegations regarding Defendant Chase to Defendant Sun Chemical.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the First Amended Complaint. Defendants further state that the document referred to in Paragraph 33 of the First Amended Complaint as Exhibit A speaks for itself and refer the Court to the document for the contents therein.

34. Defendants deny the allegations in Paragraph 34 of the First Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of the First Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the First Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of the First Amended Complaint, except admit that on or about October 1, 2009, Plaintiff injured himself by failing to use company issued equipment in violation of Plant Safety Rules and by improperly using a utility knife - also in violation of Plant Safety Rules, and that Chase met Plaintiff at the hospital and asked him to explain how he injured himself.

38. Defendants deny the allegations in Paragraph 38 of the First Amended Complaint, except admit that as a result of Plaintiff's injury stemming from his failure to observe safety precautions, a meeting was held in October 2009 to remind employees of the proper safety protocol with respect using knives and similar tools at work.

39. Defendants deny the allegations in Paragraph 39 of the First Amended Complaint, except admit that Plaintiff received a written warning, dated October 13, 2009 for his repeated

failure to observe work safety protocols (unsafe work behaviors), which document speaks for itself.

40. Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of the First Amended Complaint, except admit that Plaintiff received a document, dated March 12, 2010 which contains the subject heading "60 day plan of action to improve performance," which document speaks for itself.

42. Defendants deny the allegations in Paragraph 42 of the First Amended Complaint, except admit that as reflected in a document, dated May 28, 2010 that contains the subject heading "Performance Improvement Plan evaluation, which document speaks for itself, Plaintiff's 60 day plan to improve performance was extended.

43. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendants admit the allegations in Paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

48. Defendants admit the allegations in Paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations in Paragraph 49 of the First Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that he sought professional counseling and treatment.

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964 (Against Defendant Sun Chemical)

51. Defendant Sun Chemical repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein. Defendant Sun Chemical further denies the allegations of Paragraph 51 of the First Amended Complaint.

52. Defendant Sun Chemical denies the allegations in Paragraph 52 of the First Amended Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

### Retaliation under Title VII (Against Defendant Sun Chemical)

53. Defendant Sun Chemical repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

54. Defendant Sun Chemical denies the allegations in Paragraph 54 of the First Amended Complaint.

55. Defendant Sun Chemical denies the allegations in Paragraph 53 of the First Amended Complaint.

## AS TO PLAINTIFF'S THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress (Against Defendant Rainey)

56. Defendant Rainey repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

57. Defendant Rainey denies the allegations in Paragraph 57 of the First Amended Complaint.

58. Defendant Rainey denies the allegations in Paragraph 58 of the First Amended Complaint.

59. Defendant Rainey denies the allegations in paragraph 59 of the First Amended Complaint.

60. Defendant Rainey denies the allegations in paragraph 60 of the First Amended Complaint.

61. Defendant Rainey denies the allegations in paragraph 61 of the First Amended Complaint.

### AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION

### Sexual Harassment under Section 4112.02 of the Ohio Revised Code

62. Defendants repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

63. Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64. Defendants deny the allegations in Paragraph 64 of the First Amended Complaint.

### AS TO PLAINTIFF'S FIFTH CAUSE OF ACTION

### Retaliation under Section 4112.02 of the Ohio Revised Code

65. Defendants repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

66. Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

### AS TO PLAINTIFF'S SIXTH CAUSE OF ACTION

### Civil Battery (Against Defendant Rainey)

68. Defendants Chase and Rainey repeat and reallege each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

69. Defendant Rainey denies the allegations in Paragraph 69 of the First Amended Complaint.

70. Defendant Rainey denies the allegations in Paragraph 70 of the First Amended Complaint.

71. Defendant Rainey denies the allegations in Paragraph 71 of the First Amended Complaint.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

72. Defendants deny that Plaintiff is entitled to any relief requested in Paragraph 72 of the First Amended Complaint or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendants.

### THIRD SEPARATE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, or his recoverable damages (if any, and which Defendants deny) should be reduced, because he failed to take reasonable steps to mitigate his damages.

### FOURTH SEPARATE DEFENSE

Upon information and belief, the First Amended Complaint fails to state a claim upon which an award of compensatory damages, punitive damages, and/or attorneys' fees can be granted.

**FIFTH SEPARATE DEFENSE**

Plaintiff's First Amended Complaint is barred in whole or in part by the doctrines of laches, waiver, misrepresentation, and/or unclean hands.

**SIXTH SEPARATE DEFENSE**

To the extent that Plaintiff seeks to recover from Defendants for personal injuries allegedly incurred in the course of or arising out of his employment, such recovery is barred by the exclusivity provision of the Ohio's Workers' Compensation Statute and Rules.

**SEVENTH SEPARATE DEFENSE**

Plaintiff is not entitled to the relief sought in the First Amended Complaint to the extent said relief is not available under the applicable statutes, regulations, ordinances, executive orders, or other relevant provisions of law.

**EIGHTH SEPARATE DEFENSE**

The First Amended Complaint is barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, and/or for which he has failed to exhaust, and/or has elected, administrative remedies.

**NINTH SEPARATE DEFENSE**

Defendant Sun Chemical relied on legitimate non-discriminatory business factors for its actions and decisions with respect to all personnel actions taken with respect to Plaintiff's employment.

**TENTH SEPARATE DEFENSE**

Defendant Sun Chemical is not liable to Plaintiff for discrimination, harassment, or retaliation because Defendant exercised reasonable care to prevent and correct such behavior and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant Sun Chemical and otherwise failed to avoid harm.

9

**ELEVENTH SEPARATE DEFENSE**

At all times relevant herein, including prior to the alleged discriminatory acts referred to in the First Amended Complaint, Defendant Sun Chemical had established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices.  To the extent Plaintiff availed himself of the policy/program/procedure, Defendant took prompt and effective remedial action to correct any alleged discrimination or retaliation.

**TWELFTH SEPARATE DEFENSE**

The First Amended Complaint is barred, in whole or in party, by virtue of the fact that the alleged conduct was based on a factor or factors other than gender.

**THIRTEENTH SEPARATE DEFENSE**

In the event that Plaintiff can demonstrate that an impermissible factor was a motivating factor in the employment decisions that he challenges (which Defendants expressly deny), he is not entitled to money damages, reinstatement or other relief because Defendants would have taken the same actions in the absence of any impermissible factor, and accordingly is not liable to Plaintiff.

**FOURTEENTH SEPARATE DEFENSE**

Defendant Sun Chemical is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee that were beyond the scope of his or her employment.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendants engaged in good faith efforts to comply with all laws governing Plaintiff's employment.

## SIXTEENTH SEPARATE DEFENSE

Defendants acted in good faith and without malice, willfulness, recklessness or evil intent.

## SEVENTEENTH SEPARATE DEFENSE

Defendant Sun Chemical cannot be held vicariously liable for punitive damages because it made good faith efforts to comply with the Laws regarding unlawful discrimination.

## EIGHTEENTH SEPARATE DEFENSE

Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendants request that the Court enter judgment dismissing the First Amended Complaint in its entirety and with prejudice; granting to Defendants their costs and attorneys' fees; and granting to Defendants such other relief as the Court may deem just and proper.

Dated: April 26, 2011
New York, New York

        PROSKAUER ROSE LLP
        Eleven Times Square
        New York, New York 10036

        By ___/s/ Kathleen M. McKenna_____
           Kathleen M. McKenna
           Keisha-Ann G. Gray
           Phone: 212 969-3000
           Fax: 212 969-2900
           E-mail: kmckenna@proskauer.com

        GRAYDON HEAD & RITCHEY LLP
        7799 University Drive Suite A
        West Chester, OH 45069

        By ___/s/ Robin D. Ryan_____
           Robin D. Ryan (0074375)
           Phone: (513) 755-4502
           Fax: (513) 755-9588
           E-mail: rryan@graydon.com
           *Local Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

      /s/ *Robin D. Ryan*_____ _____
      Robin D. Ryan (0074375)

3119169.1